379 P.2d 422

**ARROW TRANSPORTATION COMPANY, Appellant,**

v.

**IDAHO PUBLIC UTILITIES COMMISSION, Respondent.**

In the Matter of the Investigation of the Motor Carrier Operations of Arrow Transportation Company, Portland, Oregon.

No. 9197.

Supreme Court of Idaho.

Feb. 25, 1963.

Robert Hollis, Portland, Or., Maurice Greene, Boise, for appellant.

Frank L. Benson, Atty. Gen., John B. Kugler, Special Asst. Atty. Gen., Boise, for respondent.

**310**

KNUDSON, Chief Justice.

Under date of December 31, 1951, the Idaho Public Utilities Commission (hereafter referred to as Commission) issued to appellant a common carrier permit No. 184 which authorized appellant to transport "liquid petroleum products and bulk liquid commodities (except milk and cream and those requiring temperature control) over irregular routes throughout the entire state."

On March 11, 1955, the Commission issued its "Order to show cause No. 94" whereby appellant was ordered to appear at a Commission hearing, on March 23, 1955. Appellant appeared at the time and place specified in said order. As a result of said hearing the Commission, on October 4, 1955, entered its order No. 3499, which canceled appellant's permit No. 184 and in lieu thereof ordered the issuance to appellant of a restricted permit referred to as "First amended IPUC permit No. 184".

On October 24, 1955, appellant filed petition for rehearing which was denied

by the Commission's order No. 3559, dated November 3, 1955.

Under date of October 16, 1961, the Commission issued its general order No. 117, which in substance notified appellant that a rehearing would be granted upon appellant's petition therefor. A petition was filed and a rehearing was granted by Commission's order No. 6239, dated February 16, 1962. At the hearing thereafter held appellant did not offer any evidence, but submitted a motion requesting that an order be entered confirming appellant's original permit No. 184 and that all Commission orders previously entered affecting such permit be vacated. Under date of April 20, 1962, the Commission entered its order No. 6373 denying appellant's said motion. This appeal is taken from the order denying said motion.

Appellant assigns as error the action of the Commission in (1) determining it had jurisdiction to proceed under "Show-cause" procedure; (2) in refusing to vacate its prior orders; and (3) in refusing to restore appellant's operating authority as it existed prior to the initiation of the "Show-cause" proceeding.

■ It is appellant's contention that the Commission was without jurisdiction, at any time under the proceedings disclosed by the record, to reduce the scope of operations authorized by appellant's original permit No. 184, and thereafter erred in.

refusing to restore to appellant the operating authority granted thereunder.

It is difficult to ascertain from respondent's brief in what classification respondent urges the court to place this original permit No. 184. It is argued by respondent that (1) the permit was void; (2) that it was only a temporary permit; and (3) that it was inadvertently issued.

■ The statutory authorization for the issuance of the original permit No. 184 is contained in the 1951 amendment of I.C. § 61–802, the pertinent portion of which provides:

"provided that any motor carrier or a predecessor in interest, shall have been in bona fide operation on January 1, 1952 over the route or routes or within the territory for which application is made and has so operated since that time, the commission shall issue such permit without requiring further proof that public interest will be served by such operation."

The record shows that pursuant to said provision appellant made its application for and received a permit (No. 184) dated December 31, 1951, which contains the following quoted language:

"PERMIT FOR THE OPERATION OF MOTOR PROPELLED VEHICLES
"ARROW TRANSPORTATION COMPANY of P.O. Box 9531, PORTLAND 10, Ore.
　　　　　(Name)　　　　　　　　　　　　　(Address)
"having complied with the requirements of the laws of the State of Idaho, and the rules and regulations of this Commission with reference to the issuance of a permit, is hereby authorized to furnish Common Carrier service by means of motor propelled vehicles from the 1st day of January, 1952, under the provisions of Title 61, Chapter No. 8, Idaho Code, with the equipment as listed and set forth in application for this permit on file in the office of the Idaho Public Utilities Commission, which application is hereby referred to and by reference made a part hereof, * * *"

———◆———

Said permit does not contain any language or provision indicating that it was issued as a temporary or special permit. In fact, the testimony of R. W. Shirley, Director of Transportation for the Idaho Public Utilities Commission, given at a hearing before the Commission on March 28, 1962, is to the effect that the conditions stated in appellant's permit No. 184 and in the permits issued before and since have remained unchanged.

Said permit shows upon its face that appellant complied with all requirements with reference to its proper issuance. It remained in full force and effect and constituted appellant's operating authority for a period of more than three years before

any attempt was made to change it. We conclude that said permit became a valid permit upon its issuance.

On March 11, 1955, the Commission issued its "Order to show cause No. 94" under which appellant was directed to appear before the Commission at a hearing to be held March 23, 1955, and there to submit proof of its operations, under the authority contained in said permit, handled by it for the years 1951, 1952, 1953 and the first six months of 1954. Appellant appeared and presented proof as requested. No evidence, other than that submitted by appellant, was offered at said hearing. Thereafter, on October 4, 1955, the Commission entered its order No. 3499, wherein it found:

"I

"THAT the respondent carrier has shown to have been in bona fide operation in Idaho intrastate commerce on January 1, 1952, and since that time within a portion of the territory previously authorized and as hereinafter set forth in the ordering paragraph.

"II

"THAT the respondent carrier has not shown, except as hereinbefore found, that the service originally authorized under its IPUC Permit No. 184 is in the public interest.

"III

"THAT the Commission has no authority to grant the scope of operations originally issued to respondent carrier."

The order following said findings directed the cancellation of appellant's original permit and in lieu thereof the issuance of a restricted permit designated as "First amended IPUC permit No. 184". Appellant regularly petitioned for a rehearing on said order, which was denied.

Following the decision of this Court in Grover v. Idaho Public Utilities Commission, 83 Idaho 351, 364 P.2d 167, and by reason of said decision, the Commission, under date of October 16, 1961, issued its general order No. 117 directing in substance that appellant was entitled to a rehearing on the Commission's order No. 3499 if petitioned for within 90 days. Such petition was filed and rehearing set for March 28, 1962. At said rehearing appellant declined to introduce evidence, but did submit its motion requesting that appellant's original permit No. 184 be confirmed, contending that the Commission was without jurisdiction, in the proceedings had, to reduce the scope of operations authorized by the original permit No. 184.

Since the Commission's order No. 3499 is the one which directed the cancellation of appellant's original permit, its validity

or invalidity is determinative of the principal issue here presented. Said order was issued following the hearing had pursuant to respondent's "Order to show cause No. 94".

The authority of the Commission to proceed under an order to show cause such as is here involved was considered by this Court in Allied Van Lines, Inc. v. Idaho Public Utilities Commission, 79 Idaho 220, 312 P.2d 1050, and also in Grover v. Idaho Public Utilities Commission, supra, wherein it was held that the Commission was without authority under said proceeding to revoke a permit.

In said cases, as in the instant case, the proceedings called for by the order to show cause were nonadversary. The order contained no direct charge that appellant was guilty of any act or omission by reason of which its permit should be canceled or revoked. The order merely stated that there appears to be some question (1) as to whether appellant is entitled to all the authority contained in its permit and (2) as to whether it is operating over the whole of its route. The order only requires that at the hearing mentioned appellant be prepared to submit proof of its operations for the years 1951, 1952, 1953 and the first six months of 1954.

■ This Court has consistently recognized that a permit of the nature here involved is a valuable property right and can be revoked only in the manner provided by statute. In Abrams v. Jones, 35 Idaho 532, 207 P. 724, this Court said:

"Due process of law is not necessarily satisfied by any process which the legislature may by law provide, but by such process only as safeguards and protects the fundamental, constitutional rights of the citizen. Where the state confers a license upon an individual to practice a profession, trade or occupation, such license becomes a valuable personal right which cannot be denied or abridged in any manner except after due notice and a fair and impartial hearing before an unbiased tribunal."

■ The power which the Commission has is that given by the legislature. It has no other. It exercises a limited jurisdiction; nothing is presumed in favor of its jurisdiction. Malone v. Van Etten, 67 Idaho 294, 178 P.2d 382; State ex rel. Northeast Transp. Co. v. Abel, 10 Wash.2d 349, 116 P.2d 522; In re Public Utilities Commissioner of Oregon, 201 Or. 1, 268 P.2d 605. The general rule is stated in 42 Am.Jur. 440, § 109, as:

"Administrative authorities are tribunals of limited jurisdiction. Their jurisdiction is dependent entirely upon the provisions of the statutes reposing power in them; they cannot confer it upon themselves, although they may determine whether they have it. If

**314**

the provisions of the statutes are not met and complied with, they have no jurisdiction."

See also, 73 C.J.S. Public Utilities § 42, p. 1098.

The statute which gives the Commission power to alter, amend or revoke a carrier permit is I.C. § 61–808, the pertinent portion of which provides:

*"Failure to observe regulations—Revocation of permit—Appeal—Joint hearings relative to interstate commerce.—* The commission may at any time, after a hearing had upon notice to any permit holder hereunder, when it shall be proven that such holder has violated or refused to observe any of the orders, rules or regulations of the said commission or any of the laws of the state of Idaho applicable to such permit holder, or at the request of such permit holder, by its order duly entered, suspend, revoke, alter or amend any permit issued under the provisions of this chapter: * * *."

■ A careful reading of said statute reveals that before a permit may be altered or revoked, at least three requirements must be complied with (1) a hearing must have been had upon notice to the permit holder, (2) at such hearing it must be proved that the holder has violated or refused to observe some order, rule or regulation of the Commission or some law of

the state applicable to such permit holder, and (3) an order must be entered. Requirements (1) and (2) are essential jurisdictional requisites and the record must disclose by way of findings that the Commission has complied with each before an order to suspend, revoke, alter or amend any permit may be entered.

Since the order complained of (No. 3499) specifically directed the cancellation of appellant's original permit and authorized the issuance of a limited permit, it is convincing that the procedure followed was an attempt by the Commission to modify or amend appellant's authority. There was no claim or finding that appellant had failed or refused to operate within the whole of the area covered by the original permit as referred to in I.C. § 61–805; nor was there any finding whatever that appellant had at any time violated any order, rule, regulation or law applicable to its permit. Nor does the record disclose that appellant was ever given notice of any such claimed violation.

■ The jurisdiction conferred upon the Commission to suspend, revoke, alter or amend any permit is specified in said statute, I.C. § 61–808, and any determination in that regard made pursuant to proceedings not in compliance therewith is void. "Administrative determinations made without jurisdiction are void." 42 Am.Jur. 511, § 157. See also p. 440, § 109. The general

rule is stated in People ex rel. Illinois Highway Transportation Co. v. Biggs, 402 Ill. 401, 84 N.E.2d 372 as:

"Since the commission is a creature of the legislature, its acts or orders which fall beyond the purview of the statute creating it are not merely erroneous but void."

In Dallas v. Arizona Corporation Commission, 86 Ariz. 345, 346 P.2d 152, the Court said:

"The sole question before this Court is whether the Commission in rendering Decision No. 30420 * * * canceling petitioner's certificate, acted in excess of its jurisdiction. If so, the order is void and therefore subject to collateral attack."

It clearly appears that the steps taken by the Commission leading up to and including the issuance of its order No. 3499, were not in compliance with the procedure prescribed by I.C. § 61–808. The Commission having acted in excess of its jurisdiction the order is void.

The orders of the Idaho Public Utilities Commission canceling appellant's permit No. 184 and refusing to reinstate such permit are hereby reversed and set aside. No costs allowed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.