398 P.2d 643

**Byron J. KNIGHT, Claimant-Appellant,**

v.

**EMPLOYMENT SECURITY AGENCY,**
**Defendant-Respondent.**

**No. 9266.**

Supreme Court of Idaho.

Jan. 29, 1965.

Robert F. McLaughlin, Mountain Home, for appellant.

Franklin H. Powell, Boise, for respondent.

KNUDSON, Justice.

The facts here involved are not in dispute. Appellant, after having served with the U. S. Air Force for approximately 21 years, was retired due to a partial physical disability. Since his retirement he receives $183.75 per month under the U. S. Air Force Retirement Program.

After his discharge appellant applied for unemployment compensation benefits under

the Employment Security Law of this state. Following a hearing regularly had before the Industrial Accident Board its order was entered, affirming a decision of the appeals examiner herein, directing that the retirement benefits received by appellant must be reported and computed as wages in connection with his claim for benefits. This appeal is taken from such order.

In his brief appellant calls attention to the fact that because of his partial disability at the time of his discharge he was entitled, at his election, to receive, as a disability payment, the sum of $35 per month from the Veterans Administration, but such payment would have been deducted from the benefits he was entitled to receive under the U. S. Air Force Retirement Program. However, appellant elected to receive retirement rather than disability benefits, consequently no disability benefits are here involved.

Appellant protests having his retirement benefits considered as wages and assigns error to the interpretation placed upon I.C. § 72–1312(b) (4) by the Board. Therefore the issue here presented necessitates a consideration of said statute, the pertinent portions of which are as follows:

"72–1312. Compensable week.—(a) A week of unemployment with respect to which an eligible benefit claimant shall be entitled to benefits shall be known as a compensable week; * *.

"(b) A compensable week of a benefit claimant shall be a week of either no work or less than full-time work—

\* \* \* \* \* \*

"(4) in which the total wages payable to him for less than full-time work performed in such week amounted to less than one and one-half times his weekly benefit amount; provided, however, that for the purpose of this section all payments received by a benefit claimant for his retirement under the Federal Old Age and Survivors Insurance Act or a retirement plan in which an employer has paid all ·or a part of the costs, shall be treated as wages; * * *."

■ This court has consistently adhered to the rule that its primary function in construing a statute is to ascertain the legislative intent, and give effect thereto. Striebeck v. Employment Security Agency, 83 Idaho 531, 366 P.2d 589. If the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction. Tway v. Williams, 81 Idaho 1, 336 P.2d 115.

■ We do not consider the language of the foregoing quoted statute to be in any respect ambiguous. It clearly defines a compensable week of unemployment with respect to eligible benefit claimants under the Employment Security Law. It plainly pro-

vides that for the purpose of this section all payments received by a benefit claimed for his retirement under * * * a retirement plan in which an employer has paid all or a part of the cost, shall be treated as wages. Said statute does not provide for a single exception concerning any retirement plan in which the employer has paid any part of its costs. Appellant makes no contention that the retirement plan under which he is paid $183.75 per month is not one in which his employer has paid all or a part of the cost.

The identical language here being considered is also employed in I.C. § 72–1367, which section provides a benefit formula whereby the amount of weekly benefits to which a claimant is entitled, is to be computed. The pertinent portion of this section provides:

> "(e) If in any compensable week the total wages payable to such individual for less than full-time work performed in such week exceed one-half of his weekly benefit amount as shown in Part C of the foregoing table, the excess shall be deducted from his weekly benefit amount. Such excess if not a multiple of a dollar, shall be computed to the next higher multiple of a dollar; provided, however, that for the purpose of this section all payments received by a benefit claimant for his retirement under the Federal Old Age and Survivors Insurance Act or a retirement plan in

which an employer has paid all or part of the cost, shall be treated as wages."

Briefly stated the effect of the statutes hereinbefore discussed is to provide for the allowance of reduced benefits in the event the benefit claimant is receiving wages for part-time work, or is receiving retirement payments under an employer-contributing retirement program. The amounts which the claimant receives from either source may operate to proportionately reduce his benefit payments and they must be considered in determining such benefit.

Each of said statutes (I.C. § 72–1312, I.C. § 72–1367) was amended by Chapter 298, of the 1961 Session Laws by adding the following quoted language:

> "provided, however, that for the purpose of this section all payments received by a benefit claimant for his retirement under the Federal Old Age and Survivors Insurance Act or a retirement plan in which an employer has paid all or a part of the cost, shall be treated as wages."

Appellant argues that it was the intention of the legislature when it so amended I.C. § 72–1312, "to insure that persons of old age would not be entitled to receive compensation from the unemployment fund while they were drawing on the Federal Old Age and Survivors Insurance Act or any retirement plan of similar nature such as the railroad companies provide." Sub-

sequent action in the legislature relative to said section does not support such contention.

In construing a statute not only must the literal wording of the statute be examined, but also account must be taken of other matters, such as the context, the object in view, the evils to be remedied, the history of the times and of the legislation upon the same subject, public policy, contemporaneous construction and the like. Messenger v. Burns, 86 Idaho 26, 382 P.2d 913. This court takes judicial notice of public and private acts of the legislature and the journals of the legislative bodies for the purpose of ascertaining what was done by the legislature. Keenan v. Price, 68 Idaho 423, 195 P.2d 662; Rich v. Williams, 81 Idaho 311, 341 P.2d 432; State ex rel. Brassey v. Hanson, 81 Idaho 403, 342 P.2d 706.

Our attention has been called to page 254 of the Journal of the State Senate of the Idaho Legislature 37th Session (1963 Legislative Session), wherein it is recorded that Senate Bill No. 103 was on February 5, 1963 read to the Senate for the first time. By its terms said bill No. 103 proposed to amend both I.C. § 72–1312 and I.C. § 72–1367 by amending the language adopted by Chapter 298, 1961 Session Laws, to read as follows:

"however, that for the purpose of this section all payments received by a bene-fit claimant for his retirement under the Federal Old Age and Survivors Insurance Act or a retirement plan in which an employer, *other than United States Army, United States Air Force, United States Navy, United States Marine Corps and United States Coast Guard,* has paid all or a part of the cost, shall be treated as wages;" (the amendment referred to consists of the italicized portion)

Said Journal discloses that following its third reading on February 14, 1963 (see page 367 of said Journal) proposed bill No. 103 was presented to the Senate for final consideration and following a vote of 24 against and 6 for the bill, it was declared to be lost. This action on the part of our legislative body is most persuasive that an exemption as contended for by appellant was neither authorized nor intended.

We are not unmindful of the declared public policy of this state as announced in I.C. § 72–1302 and that our Unemployment Compensation Law must be liberally construed to the end that its purposes be accomplished. However, the relief which appellant seeks cannot be read into this law by judicial construction.

Order affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.