408 P.2d 161

**James A. ROE, Plaintiff-Appellant,**

**v.**

**E. R. HOPPER, Commissioner of Law Enforcement, State of Idaho, Defendant-Respondent.**

**No. 9669.**

Supreme Court of Idaho.

Nov. 19, 1965.

Rehearing Denied Dec. 13, 1965.

Blake, Givens & Feeney, Lewiston, for appellant.

Allan G. Shepard, Atty. Gen., Thomas G. Nelson, Deputy Atty. Gen., and Weldon S. Wood, Asst. Atty. Gen., Boise, for respondent.

KNUDSON, Justice.

This action was commenced by plaintiff-appellant, James A. Roe, seeking a declaratory judgment of his rights under the provisions of I.C. §§ 23–942, 23–944, 23–946, and for an order restraining defendant-respondent, E. R. Hopper, Commissioner of Law Enforcement, from requiring appellant to maintain a sign over the doorway to his dining room restricting its use by minors. From a judgment requiring appellant to maintain such sign, this appeal is taken.

The issues were presented to the trial court upon stipulated facts which disclose that appellant is a sub-lessee of two rooms in a building known as "Spencer's" located in Lewiston, Idaho, which is leased and operated by one Spencer Haworth. Appellant as a sub-tenant of Spencer Haworth in the space leased by appellant operates a licensed business engaged in the retail sale of liquor and beer by the drink and a dining room; that the two rooms occupied by appellant are situate with a door leading from the coffee shop, cafe and kitchen operated by Mr. Haworth into the cocktail lounge and another leading to the dining room leased by appellant.

The building, "Spencer's", is a one-story frame structure, rectangular in shape, 36 feet north and south and 76 feet east and west. In the northwest corner thereof are situate the kitchen facilities; in the southwest corner are the fountain and the coffee shop. In the southeast corner is the dining room occupied by appellant, and in the northeast corner is the cocktail lounge occupied by appellant. In addition to the rooms just mentioned there are lavatory fa-

cilities for men and women, a storage room and a small basement for heating and electrical equipment. The following is a sketch disclosing the approximate location of the rooms above mentioned and the doorways to each.

Appellant's premises, known as the "Pagan Room", consists of the two rooms designated on the foregoing sketch as "bar" and "dining room"; the other rooms shown on the sketch are leased and operated by Mr. Haworth. The focal point of this action is the doorway between the coffee shop and the dining room over which respondent has required appellant to place and maintain a sign stating "No Minors Allowed."

It is stipulated that "Spencer's" is a restaurant having a kitchen and cooking facilities for the preparation of food and hot meals which are therein regularly served to the public six days per week, three times per day; that identical meals are served from "Spencer's" kitchen which is the only kitchen located in said building, in the coffee shop portion of "Spencer's" and the dining room occupied by appellant for the same prices and are prepared and served by the same personnel.

The trial court concluded that appellant must maintain a sign, "No Minors Allowed," over the doorway mentioned and

**26**

entered judgment accordingly. Appellant has appealed from this judgment.

Two principal issues are raised under appellant's assignments of error, namely:

(1) whether appellant's dining room should be classified as a "place" as defined by I.C. § 23–942(b) ; and

(2) whether appellant's dining room should be classified as a "restaurant" as defined by I.C. § 23–942(c).

We shall here consider the first of said issues. I.C. § 23–943 specifically provides that no person under the age of 21 years shall enter, remain in or loiter in or about *any place, as herein defined,* licensed for the sale of liquor by the drink at retail. Under I.C. § 23–942(b) a "place" is defined as follows:

"(b) 'Place,' as used in this act, means any room of any premises licensed for the sale of liquor by the drink at retail wherein there is a bar and liquor, bar supplies and equipment are kept and where beverages containing alcoholic liquor are prepared or mixed and served for consumption therein, and any room of any premises licensed for the sale of beer for consumption on the premises wherein there is a bar and beer, bar supplies and equipment are kept and where beer is drawn or poured and served for consumption therein."

The trial court, after considering said statutory definition, concluded:

"That the portion of plaintiff's premises used as a dining doom does not come within the meaning of the term 'place' as defined by Section 23–942(b), Idaho Code, since it is not a room wherein there is a bar and liquor and bar supplies and equipment are kept, or wherein alcoholic beverages are prepared or mixed, but only where the same are served for consumption."

We agree with the last above quoted conclusion; however the court also found that the foregoing quoted definition of "place" was ambiguous and concluded:

"IV.

"That by changing the word 'and' in Line 4 and in Line 7 of Subsection (b) of Section 23–942, Idaho Code, to 'or', the ambiguity existing therein is erased and the legislative purpose of excluding persons under the age of 21 years from premises such as plaintiff's which are licensed for the sale of liquor by the drink at retail, is effectuated."

The trial court in explanation of its reason for substituting the word "or" for "and" as stated in its foregoing quoted conclusion, refers to some ambiguity existing in I.C. § 23–942(b) but does not point out wherein the ambiguity exists. Under these circumstances it is of importance to determine

what is meant by "ambiguity". The term has been defined as doubtfulness, doubleness of meaning or indistinctness or uncertainty of meaning of an expression used in a written instrument. 50 Am.Jur. 209, Statutes, § 226; Black's Law Dictionary, 4 Ed., p. 105.

Manifestly the court had no difficulty in arriving at the conclusion that under the language used in said section appellant's dining room did not come within the meaning of the term "place" as defined therein. We are convinced however that the court believed the legislature intended a different definition of "place" than is actually stated in said section and concluded that by substituting said words the legislative intent would be correctly stated.

 We do not agree that subsection (b) of I.C. § 23–942 is in any respect ambiguous. This court has long adhered to the rule that we must accept the statutes as we find them and construe them as they read, where they are plain and unambiguous, and are not permitted to apply rules of construction in the absence of ambiguity. Burnham v. Henderson, 47 Idaho 687, 278 P. 221; Koon v. Bottolfsen, 66 Idaho 771, 169 P.2d 345. This court has also repeatedly recognized it to be a firmly established rule of statutory construction that legislative definitions of terms included within the statute, control and dictate the meaning of those terms as used in the statute. Cameron v.

Lakeland Class A School Dist. No. 272, Etc., 82 Idaho 375, 353 P.2d 652.

 The definition of "place" as used in the statute involved is free from any doubt. Under such circumstances the substitution of words as suggested by the trial court would distort the definition of the word "place" and do violence to the common understanding of the language used by the legislature.

 We do not agree with respondent's contention and the court's conclusion that the object contemplated by the legislature by the enactment of I.C. § 23–942(b) was that of keeping minors away from places wherein alcoholic beverages were served, regardless of whether bar supplies and equipment are kept or drinks are mixed in a particular room of such place. Had this been the legislative intent, it need only to have defined "place" to mean any room of any premises licensed for the sale of liquor by the drink at retail wherein alcoholic liquor is served.

The object and purpose of the legislation involved is clearly stated in I.C. § 23–941, as follows:

"Declaration of public policy.—It is hereby declared that the intent of this act is to restrict persons under the ages herein specified from entering, remaining in or loitering in or about certain places, as herein defined, which are

operated and commonly known as taverns, barrooms, taprooms and cocktail lounges and which do not come within the definition of restaurant as herein contained and are not otherwise expressly exempted from the restrictions herein contained."

Contrary to such contention and conclusion it must be noted that the legislature specifically stated that its intent was to apply the restriction to places which are operated and commonly known as taverns, barrooms, taprooms and cocktail lounges; that it did not intend the restriction to apply to restaurants, cafes, hotel dining rooms, coffee shops, cafeterias, railroad dining cars, or other eating establishments having kitchen and cooking facilities for the preparation of food and where hot meals are regularly served to the public, notwithstanding the fact that such premises are also licensed for the sale of liquor by the drink. Other exceptions from the restriction stated in I.C. § 23–943 are also mentioned in I.C. § 23–944.

■ Where the language of a statute is clear, as we believe it to be in this instance, the court cannot speculate upon the intention of the legislature, much less read something into the statute which is not there, but must accept the interpretation of the act as it appears from its plain and unambiguous language. State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007.

■ We consider the last above quoted conclusion of the trial court to be in error which necessitates a reversal of the judgment entered. Having determined that the judgment must be reversed, it becomes unnecessary to consider other contentions. The judgment is reversed and the cause remanded to the trial court with direction to enter the order of restraint as prayed for in appellant's complaint. Costs to appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.