**254**

352 P.2d 240

Application of A. P. BERMENSOLO, Mountain Home, Idaho, for an Idaho Public Utilities Commission Common Carrier Permit.

A. P. BERMENSOLO, Applicant-Respondent,

v.

TENNYSON TRANSFER & STORAGE CO., Compton Transfer & Storage Co., Bekins Moving and Storage Company, Nielsen Transfer and Storage Company, Peasley Transfer and Storage Company, Merchants Delivery and Transfer, Samson Truck Line, Whitney Transfer and Storage Company, Protestants-Appellants.

No. 8793.

Supreme Court of Idaho.

May 17, 1960.

Kenneth G. Bell, Randall Wallis, J. Charles Blanton, Boise, for appellant.

Richards, Haga & Eberle & Dale O. Morgan, Boise, for respondent.

SMITH, Justice.

Respondent A. P. Bermensolo made application to the Idaho Public Utilities Commission for a permit to transport household goods within Elmore County, and between points and places within Elmore County, and places within the State, under the name and style of B Transfer and Storage, with place of business in Mountain Home, Idaho. Appellants, all of whom are holders of Idaho Public Utilities permits as household movers within the area in question, protested respondent's application. The Commission held a hearing on the matter, after which it entered an order granting respondent's application and, subsequently, denied appellants' petition for rehearing. Appellants have appealed from the order granting the application, and from the order denying the petition for rehearing.

Appellants' several assignments of error question the sufficiency of the evidence to sustain the findings of the Commission, and its order based thereon, granting respondent's application.

Disposition of this appeal requires specific disposition of but two of appellants' assignments, and a review of the evidence in order to ascertain whether it sustains the Commission's order.

Appellants by their first assignment question the finding of the Commission concerning the fitness and ability of respondent to engage in the proposed transportation service. Suffice it to say that the financial capability and business judgment of respondent were not refuted. Further,

evidence was introduced relative to arrangements having been made by respondent for the procurement of necessary equipment and competent assistants should his application be approved, and no evidence was introduced in contradiction thereof. Hence, appellants' first assignment is without merit.

Appellants next contend that the Commission erred in concluding that the granting of respondent's application would be in the public interest.

I.C. § 61–802, setting forth the requirements to be found by the Commission before issuance of a permit, reads in part:

" * * * A permit shall be issued to any qualified applicant authorizing the whole or any part of his operations covered by the application made to the commission in accordance with the provisions of this chapter, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules and regulations of the commission thereunder, *and that the proposed service, to the extent authorized by the permit, is or will be in the public interest,* * * *." (Emphasis supplied.)

The evidence shows that presently the two appellants, Samson Truck Line and Whitney Transfer and Storage Company, are domiciled in Mountain Home whose services are available for household moving, one of which devotes over 90% of its efforts to commercial hauling exclusive of household goods; also, that the other appellants domiciled in Boise, 45 miles from Mountain Home, transact moving businesses within the area when called upon to do so. Of the latter group, the majority are both intrastate and interstate haulers. In short, the preponderance of appellants' evidence indicates that respondent's proposed operation would be detrimental to appellants' operations, from a competitive standpoint. In addition, some of appellants' witnesses testified that the results of surveys conducted by appellants or their representatives showed that an expansion of services through the utilization of a local agent in the Mountain Home area would not be feasible from an economic viewpoint.

Respondent's witnesses testified, for the most part, to the continued growth of the Mountain Home vicinity since the re-activation and continued activities of Mountain Home Air Force Base located in that area; also that inasmuch as local services in other types of business activity had increased because of the increase in population, so too, would the demand increase for local household movers, because of the large number of transient-type families living in, and moving in and out of that area.

In Malone v. Van Etten, 67 Idaho 294, 178 P.2d 382, we held under the provisions of the Auto Transportation Act, wherein the then requirement authorizing issuance of a permit was predicated upon a showing of "good cause and public interest," that no burden was placed upon the applicant to show convenience and necessity. In clarifying the duties imposed upon the Commission under such Act, we said:

"The Commission is not charged with the * * * duty of protecting common carriers competing in the open market, or their economic loss or gain, but are required to consider the interest of the public, their needs and necessities and location and, in fact, all the surrounding facts and circumstances, and then determine whether good cause has been shown and the *public interest requires* that a permit issue, to the end *that the people be adequately served.*" (Emphasis supplied.) See also Application of Nichols, 68 Idaho 490, 199 P.2d 255.

The 1951 Legislature enacted the Motor Carrier Act, Idaho Sess.Laws, Ch. 291, which authorized the Commission to grant or refuse applications for permits in accordance with I.C. § 61–802, the test being whether the "proposed service, to the extent authorized by the permit, is or will be in the public interest."

██ "Public interest" is not susceptible of precise definition. Malone v. Van Etten, supra, recognized the principle inherent in public interest, which requires that "the people be adequately served." The same case recognized that competition is an element of public interest. See also Pierce Auto Freight Lines v. Flagg, 177 Or. 1, 159 P.2d 162, at page 186.

Community growth also is a material consideration having to do with public interest. Ashworth Transfer Co. v. Public Service Commission, 2 Utah 2d 23, 268 P.2d 990; Associated Motor Carriers v. Corporation Commission, Okl., 323 P.2d 337.

The record here discloses that neither of the appellants domiciled in the Mountain Home area specifically hold themselves out as household movers; nor do the appellants domiciled in Boise actively solicit household moving business in the vicinity of Elmore County. The record in nowise indicates a condition of over-crowdedness or aggressive competition in the Mountain Home area.

██ This Court, in Malone v. Van Etten, supra, further held that the protection of existing carriers from additional competition is not a duty charged to the Commission under the then existing statute which recognized public interest as in-

volved in granting a permit by the Commission.

What constitutes public need for services of a motor carrier depends on the locality involved and the particular circumstances of each case. D. F. Bast, Inc. v. Pennsylvania Public Utility Comm., 185 Pa.Super. 487, 138 A.2d 270.

In view of the record before us which shows rapid population growth in the Mountain Home area, the permanency of the military installations in that area, and the lack of aggressive competition in the field of household moving in such vicinity, we are of the opinion that there is substantial evidence, though conflicting in certain aspects hereinbefore pointed out, to sustain the finding of the Commission that the granting of the carrier permit to respondent will be in the public interest, as required by I.C. § 61–802.

The Idaho Public Utilities Commission is a fact finding body. Its findings when supported by competent substantial, though conflicting evidence, are binding upon the appellate court. State ex rel. Taylor v. Union Pac. R. Co., 60 Idaho 185, 89 P.2d 1005; Application of Pacific Tel. & Tel. Co., 71 Idaho 476, 233 P.2d 1024; Application of Intermountain Gas Company, 77 Idaho 188, 289 P.2d 933; Allied Van Lines v. Idaho Public U. Commission, 79 Idaho 220, 312 P.2d 1050.

The order of the Commission is affirmed. Costs to respondent.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.