496 P.2d 673

**Louis GROVER, Plaintiff-Appellant,**

**v.**

**ACE EQUIPMENT COMPANY, Inc., and Idaho Public Utilities Commission, Defendants-Respondents.**

**No. 10993.**

Supreme Court of Idaho.

April 27, 1972.

E. W. Pike, Idaho Falls, for plaintiff-appellant.

Clemons, Cosho, Humphrey & Samuelsen, Boise, and Lino A. Marsillo, Missoula, Mont., for respondent Ace Equipment Co., Inc.

W. Anthony Park, Atty. Gen., and Gary L. Montgomery, Asst. Atty. Gen., Boise, for respondent Idaho Public Utilities Comm.

SHEPARD, Justice.

This is an appeal from an order of the Idaho Public Utilities Commission granting a common carrier permit to respondent Ace Equipment Company for heavy hauling in certain counties within the State of Idaho. Respondent Ace Equipment Company is based in Missoula, Montana and the counties of operation border on or are easily accessible from Missoula, Montana.

Common carrier permits are granted by the Idaho Public Utilities Commission under basic statutory provisions, I.C. § 61–801, et seq. I.C. § 61–802 provides:

"It shall be unlawful for any motor carrier, as the term is defined in this chapter, to operate any motor vehicle in motor transportation without first having obtained from the commission a permit covering such operation.

"A permit shall be issued to any qualified applicant * * * if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, rules and regulations of the commission thereunder, and that they proposed service, to the extent authorized by the permit, is or will be required by the present or future public convenience and necessity.

"In considering public convenience and necessity the commission shall, prior to the issuance of a permit, consider the effect of such proposed motor carrier operation upon the operations of any authorized common carrier then operating over the routes or in the territory sought. The mere existence of a common carrier in the territories sought who possesses authority similar to that sought shall be insufficient cause to deny the issuance of the permit."

Respondent Ace Equipment on June 27, 1970 applied for a common carrier permit and a hearing was held thereon before the Idaho Public Utilities Commission. At the hearing, Archie Remior, the owner of respondent Ace Equipment, and three other witnesses appeared and testified in favor of respondent's application. At that same hearing appellant Grover, who holds a common carrier permit and who operates out of Idaho Falls, appeared in opposition to the granting of the permit. On May 13, 1971, the Commission granted respondent a common carrier permit in the counties of Bonner, Kootenai, Shoshone, Clearwater, Idaho, Lemhi, Custer, Butte and Clark for "transportation of heavy logging and mining equipment." Thereafter appellant petitioned for a rehearing, which was denied. This appeal resulted.

Appellant Grover bases his appeal on three grounds:

1. That respondent Ace Equipment Company is not "willing * * * to conform to the provisions of this chapter and the requirements, rules and regulations of the commission."

2. That there is no evidence that the service "is or will be required by the pres-

ent or future public convenience and necessity."

3. That appellant Grover will adequately serve any public need.

It is uncontradicted that respondent Ace Equipment has performed heavy hauling within the State of Idaho in the past without possessing an IPUC permit. Appellant asserts that the Commission could not therefore find that respondent Ace Equipment was willing to conform to the rules, requirements and regulations of the Commission and the laws of the State of Idaho. No authority is cited for this contention and we disagree with that theory of appellant. Remior, the owner of appellant, testified that he desired to conform to the requirements of the Idaho statutes and had therefore sought the permit on a voluntary basis and that if the permit was not granted, he would not do any hauling in the future within the State of Idaho. The weight to be assigned such testimony was a matter for the determination of the Commission and was one of the factors to be considered by them in either granting or denying the permit. The mere fact, in and of itself, that respondent Ace Equipment had previously violated the law by hauling without a permit did not necessarily foreclose the Commission from finding that there was no intent to violate in the future. It could be logically inferred that respondent Ace Equipment was willing to and would conform to the rules, requirements and regulations of the Commission and the laws of the State of Idaho. *See*: Uintah Freight Lines v. Public Service Commission, 119 Utah 491, 229 P.2d 675 (1951).

■ Turning to appellant's second ground of appeal, each of the three witnesses testifying on behalf of the respondent indicated a presently existing or a future potential need for heavy hauling in the named counties. Remior also testified to various heavy hauling needs within the permit area. Since our statute allows the showing of necessity or convenience to be future as well as present, the testimony on behalf of the respondent was ample to support the finding of the Commission. As stated in Application of Forde L. Johnson Oil Company, 84 Idaho 288, 372 P.2d 135 (1962):

"In reviewing a finding or order of the Commission, this Court may not weigh the evidence, but considers it to ascertain if the conclusions reached are supported by competent evidence. The Commission's ruling will be reversed only when it appears that it has failed to follow the law or has abused its discretion." 84 Idaho 288 at 298, 372 P.2d 135 at 141.

■ Appellant lastly contends that he will adequately serve the public necessity and convenience by stationing a hauling device known as a "lowboy" in Salmon, Idaho. Assuming that appellant's assertion that he would institute such service were to be accepted by the Commission, it nevertheless would not constitute a bar to issuance of a permit to the respondent. The existence of service is only a factor for the Commission to weigh but is not necessarily a bar to the issuance of a permit for additional service. I.C. § 61-802.

The order of the Commission granting the permit in question to the respondent was and is supported by competent evidence and therefore the order of the Commission is affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.