520 P.2d 1088

Paula B. **WEST**, Plaintiff-Respondent,

v.

Pete **CENARRUSA**, in his capacity as Secretary of State of the State of Idaho, Defendant,

and

Patricia L. McDermott et al., Intervenors-Defendants-Appellants.

No. 11405.

Supreme Court of Idaho.

April 3, 1974.

James B. Green, Terrell, Green, Service & Gasser, Pocatello, for appellants.

Stanley D. Crow, Boise, for respondent.

W. Anthony Park, Atty. Gen. of Idaho, Boise, for defendant.

PER CURIAM:

This case arises from the refusal of Pete T. Cenarrusa, in his capacity as Secretary of State of the State of Idaho, to accept and file a series of petitions seeking a recall election of Patricia L. McDermott, the duly elected state representative from legislative district no. 34. The respondent, Paula B. West, and her associates on March 6, 1973, filed with the defendant secretary of state and initiating petition prepared pursuant to I.C. § 34-1703(2) [1]

---

1. I.C. § 34-1703(2). "The recall petition for members of the state legislature shall be in substantially the following form:

RECALL PETITION

To the Honorable _____, Secretary of State for the state of Idaho:
We, the undersigned citizens and registered electors of Legislative District No. ____, respectfully demand that _____, holding the office of _____, be recalled by the registered electors of Legislative District No. ____ for the following reasons, to wit:
(setting out the reasons for recall in not more than 200 words); that a special election therefor be called; that we, each for himself say: I am a registered elector of Legislative District No. ____, my residence, post office address, legislative district number, county, election precinct and the date I signed this petition are correctly written after my name.

| NAME | RESIDENCE |
| POST OFFICE | LEGISLATIVE DISTRICT |
| COUNTY | ELECTION PRECINCT |
| DATE | |

(If in a city, street and number)
(Here follow twenty numbered lines for signature.)"

containing thirty-six signatures seeking an election to recall Representative McDermott. This initiating petition contained headings which provided for the following information, required by I.C. § 34–1703(2): name, residence, post office, county, legislative district, election precinct, and date. None of the signers of the intitiating petition included the city of their residence, Pocatello, under the heading "post office." Although *seven* items of information were required, the initiating petition provided only *six* spaces for the signers to supply this information.

The Attorney General of the State of Idaho, in an advisory opinion to the defendant concerning the sufficiency of the initiating petition stated:

"We find that the petition is substanitally in compliance with the requirements of Chapter 17, Title 34, Idaho Code, as to form and sufficiency * * * ."

"The scope of this opinion goes only to the *form* of the recall petition as submitted which, as noted above, is substantially correct."

The defendant reviewed the initiating petition's form according to the prerequisites of I.C. § 34–1703(2) as required by I.C. § 34–1704 and approved it by writing on it "FORM APROVED BY Pete T. Cenarrusa Secretary of State 3–6–73."

Then the respondent and her associates circulated forms of petitions similar to the initiating petition and collected 2,525 signatures requesting a recall election of Representative McDermott. The respondent on May 29, 1973, submitted these petitions and the initiating petition to the defendant as required by I.C. § 34–1706 for "cursory examination * * * to determine whether the petitions apparently contain the necessary number of signatures." Two thousand two hundred thirty signatories of these petitions failed to insert the word "Pocatello" after their signatures. The defendant rejected all the signatures which were unaccompanied by the word "Pocatello" on the grounds that I.C. § 34–

1703(2) required the inclusion of "Pocatello" in reference to information pertaining to "post office" as set forth in the headings of the petitions. The defendant's rejection of the signatures also included all appearing on the initiating petition previously approved by the defendant. The respondent and her associates attempted to cure this defect by interlining the word "Pocatello" in the appropriate place with each signature.

On June 4, 1973, the respondent again submitted all petitions along with an additional petition containing eleven signatures. The defendant, on June 7, 1973, refused to accept and file these petitions and returned them to the respondent's counsel without rejecting any signatures. In this case 2,336 signatures were required in order for the defendant to accept and file the petitions under I.C. § 34–1702.

The respondent filed on June 8, 1973, an application for an alternative writ of mandate requiring the defendant to accept and file pursuant to I.C. § 34–1706(2)(a) either the recall petitions submitted on May 29 or those as corrected on June 4, 1973. The district court then granted intervention by McDermott, Cobley, Berg, Groom, and Jones as interested parties under I.R.C.P. 24(b). The defendant and the intervenors answered denying grounds for the issuance of a writ of mandate. The district court filed a memorandum decision on June 27, 1973, ordering that the recall petitions were legally sufficient and that the defendant should have accepted and filed them. The district court adopted the memorandum decision as findings of fact and conclusions of law and entered a judgment on June 28 holding the recall petitions legally sufficient. The intervenors then timely appealed from that judgment.

This appeal focuses on the omission of the word "Pocatello" by 2,230 signers of the recall petitions after their signatures. The appellants, intervenors-defendants contend that without the word "Pocatello" which designates the signer's post office address the respondent's recall petitions are

not legally sufficient. Each of the 2,230 signers supplied their name, residence, i. e., street address, county, legislative district, election precinct, and date of signing. In this case all 2,230 of the rejected signatories listed themselves as residents of the 34th Legislative District of the State of Idaho. I.C. § 67–202(34) expressly defines Legislative District 34 as being composed entirely of precincts in the City of Pocatello. This court takes notice of the acts of the legislature. Knight v. Employment Security Agency, 88 Idaho 262, 398 P.2d 643 (1965). The omission of the word "Pocatello" in this case has no effect on the duty of the county clerk in certifying the signa-

tures on the petitions under the provisions of I.C. § 34–1706(2)(a); and the signatures were properly identified with sufficient information under the facts of this case for the defendant to accept and file them under I.C. § 34–1706(2).[2]

The judgment of the district court is affirmed. Costs allowed.

SHEPARD, C. J., and McQUADE, J., deem themselves disqualified and did not sit or participate.

SCOGGIN and COGSWELL, D. JJ., sat and participated in this opinion.

2. I.C. § 34–1706. "(2)(a) All recall petitions presented to the secretary of state found to apparently contain the necessary number of signatures, after the examination provided for in section 34–1706(1), Idaho Code, shall be filed by the secretary of state and become public records of the state not to be returned. The secretary of state shall promptly transmit the petition sections with attached signature sheets to the proper county clerk, with an accompanying letter from the secretary of state ordering the signature sheets to be examined and returned to the secretary of state within ten (10) days. The county clerk shall examine each signature purported to be that of a registered elector from his county, and compare each such signature with the registration documents available to the county clerk. The county clerk shall summarily reject all signatures:

   (i) Which are illegible or undecipherable;

   (ii) Which are not the signatures of reg-

istered electors; and such rejected signatures shall not be counted.

Each rejected signature shall be drawn through with ink and initialed by the auditor.

The county clerk shall certify each signature found to comply with all of the requirements of this act by an appropriate mark following each signature.

The county clerk shall certify to the secretary of state within the specified number of days the number of signatures on the petition found to be of registered electors, and shall return all petitions to the secretary of state.

(b) The secretary of state shall total the number of certified signatures from each of the county clerks, if applicable, and if found to total the number of signatures required by section 34–1702, Idaho Code, shall proceed as provided in section 34–1707, Idaho Code.
  * * *."