723 P.2d 885

In the Matter of the Complaints of Jim STRAND, et al., residents of McGuire Estates against the McGuire Estates Water System and the Application of the McGuire Estates Water System for a Certificate of Public Convenience and Necessity to operate as a water utility within the State of Idaho and to institute rates and charges for water service in the State of Idaho.

McGUIRE ESTATES WATER COMPANY, Appellant,

v.

IDAHO PUBLIC UTILITIES COMMISSION, Respondent.

No. 16013.

Supreme Court of Idaho.

July 16, 1986.

Cameron Phillips, Coeur d'Alene, for appellant.

Jim Jones, Atty. Gen., Peter J. Richardson, Deputy Atty. Gen., Boise, for respondent.

BAKES, Justice.

McGuire Estates Water Company appeals from that part of an Idaho Public Utilities Commission (IPUC) order which prohibits the water company from collecting any bills which were more than one month past due as of the date of the commission's order. We agree with McGuire Estates Water Company that that portion of the commission's order must be vacated.

In July of 1982, customers of McGuire Estates Water Company contacted the IPUC with complaints about the water service. The complaint alleged (1) that the water pressure was insufficient for fire protection, (2) that water rates had been raised from $5.00 per month to $7.50 per month by the water company, (3) that the caretaker of the water pumps had adjusted the water pressure to suit his own uses, and (4) that the water company had threatened to take legal action over past due bills. At that time, the water company, which had been formed by the developer of McGuire Estates and serviced about 55 residents of the development, was not registered as a public utility with the IPUC.

After receipt of the customers' complaints, the commission contacted the water company. In an order dated December 6, 1982, the commission ruled that it had jur-

isdiction over the McGuire Estates Water Company. The water company then filed an application to institute rates and charges for water utility service. In November of 1984, the water company received permission to operate as a public utility and permission to continue charging the flat rate of $7.50 per month to each customer. The commission also scheduled a public hearing for December 10, 1984, for the purpose of investigating the other allegations contained in the customers' complaints.

Several customers voiced their grievances at this hearing. The primary concern was that the water pressure was inadequate during the summer months. An engineer with the public utilities commission testified that the inadequate pressure was due to the fact that the customers were using 6 to 8 times more water than would be expected in a typical water system. This excess water was apparently being used to irrigate the one-acre parcels which make up McGuire Estates, although each of these parcels was purchased under a contract which limited use of the water system to domestic use.

Some customers appearing at this hearing also complained of the water company's billing practices. They testified that in the time that they had lived in McGuire Estates they had never received a bill. However, Harold Lundy, owner of McGuire Estates Water Company, testified that the company had originally had a policy of not billing its customers in order to keep costs down. He stated that the original $5.00 monthly fee was to be automatically submitted by each customer because billing costs made billing "hardly worth the effort." Lundy acknowledged that the billing practices of the company needed to be improved.

In February of 1985, the IPUC issued an order requiring the company to make specific system improvements, to institute a mandatory alternate day watering schedule, to maintain its books and records so that the company would know the status of all of its accounts at all times, and to pursue all of its remedies against customers who became delinquent in the future. In the order, the IPUC also ordered the company not to collect or attempt to collect for bills that were more than one month in arrears as of the date of the order "because of the obvious inequities involved in billing customers for ten years of service."

The water company requested reconsideration of that part of the order prohibiting the company from collecting any bills more than one month in arrears as of the date of the order. On reconsideration, the IPUC affirmed its earlier order and the water company appealed to this Court.

■■■ We are unconvinced that the IPUC has the authority to prohibit the McGuire Estates Water Company from collecting on its past due accounts. The IPUC is a creature of statute, see I.C. § 61–201, with limited powers. As we stated in *Washington Water Power Co. v. Kootenai, etc.*, 99 Idaho 875, 591 P.2d 122 (1979),

"The Idaho Public Utilities Commission has no authority other than that given to it by the legislature. It exercises a limited jurisdiction and nothing is presumed in favor of its jurisdiction. *United States v. Utah Power & Light Co.*, 98 Idaho 665, 570 P.2d 1353 (1977); *Lemhi Tel. Co. v. Mountain States Tel. & Tel. Co.*, 98 Idaho 692, 571 P.2d 753 (1977); *Arrow Transp. Co. v. Idaho Public Utilities Comm'n*, 85 Idaho 307, 379 P.2d 422 (1963)." 99 Idaho at 879, 591 P.2d at 126.

Here, we have been pointed to no statute which gives the IPUC the authority to prohibit a utility, charging reasonable rates,[1] from collecting on its past due accounts.

1. The maximum $7.50 rate charged by McGuire Estates was approved by the IPUC in Order No. 19218 issued in October, 1984. At the December 10, 1984, public hearing, Richard L. Kindsvatter, an engineer for the IPUC, testified, "The rates for McGuire Estates are lower than most of the regulated water companies." Following this hearing, on February 19, 1985, the IPUC issued Order No. 19455 which states, "We found in Order No. 19218 that $7.50 per month for unlimited water use is just and reasonable and

Attempts to persuade us that the water company's failure to obtain an operating certificate from the IPUC bars the company from collecting past due accounts which accrued while the company was operating as an "illegal" utility are unpersuasive. This argument serves only to convince us of the arbitrariness of the commission's order. The commission's order does not tie the water company's ability to collect to the company's initial efforts toward obtaining certification in 1982 or to the company's actual certification in 1984. Instead, the commission arbitrarily ordered the company to forego collection of accounts which were more than one month overdue.

■ Moreover, we cannot agree with the IPUC that collection of the past due accounts works "an obvious inequity." On the contrary, it would be far more inequitable to uphold the commission's order since the order, in effect, discriminates against those customers who were diligent in the payment of the water bills. Such discrimination is expressly prohibited by I.C. § 61–315, which states, "No public utility shall, as to rates, charges, service, facilities or in any other respect, make or grant any preference or advantage to any corporation or person or subject any corporation or person to any prejudice or disadvantage." Since the commission's attempts to prohibit McGuire Estates Water Company from collecting its past due accounts would discriminate against those customers who had paid in a timely manner, that portion of the commission's order is illegal and must be stricken.

Accordingly, that portion of the commission's order which purports to prevent McGuire Estates Water Company from collecting past due accounts is set aside.

Costs to appellant.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

we therefore approved that rate. We reaffirm